**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

LETTER OPINION

October 20, 2010

All Counsel of Record

    Re:   <u>City Theatrical, Inc. v. TMB and ABC Companies</u>
             <u>Civil Action No.: 10-2045 (JLL)</u>

Dear Counsel:

    This matter comes before the Court by way of Defendant TMB's ("Defendant") motion to dismiss Plaintiff's Complaint for failure to join a necessary party pursuant to Fed. R. Civ. P. 12(b)(7) or, in the alternative, for compulsory joinder pursuant to Fed. R. Civ. P. 19(a). The Court is in receipt of the papers submitted in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is DENIED.

**I.    Factual History**

    The following facts are undisputed for purposes of this motion. Plaintiff is the exclusive owner, by assignment, of United States Patent No. 7,432,803, ('the '803 patent"). Plaintiff alleges, inter alia, that Defendant has violated Plaintiff's '803 patent rights under 35 U.S.C. § 271 (Complaint, ¶ 1).[1] Non-party LumenRadio allegedly manufactures products which infringe on the '803 patent.

---

[1] Plaintiff's first claim for relief provides in relevant part that Defendant, "in violation of 35 U.S.C. § 271, has infringed and is currently infringing, contributorily infringing and/or inducing a third party to infringe, at least one or more of the claims of the '803 patent . . . by causing to be made, using, offering to sell, selling, and / or importing into the United States, without license or authority, ... Infringing Products, which are covered by at least one of he claims of the '803 patent, and/or contributing towards and/or inducing a third party to do the same." (Complaint, ¶ 21).

1

**III.     Discussion**

Defendant argues that this action must be dismissed because Plaintiff failed to join a necessary party under Rule 12(b)(7).  In evaluating a Motion filed pursuant to Rule 12(b)(7), the Court must "accept all factual allegations in the complaints and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiffs." Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir.1993). The Court next determines whether the absent party "should be joined as [a] 'necessary' part[y] under Rule 19(a)." See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir.2007). Fed. R. Civ. P. 12(b)(7) ("Rule 12(b)(7)") provides for dismissal of a complaint where the plaintiff has failed to join a necessary party under Fed. R. Civ. P. 19 ("Rule 19").  Under Rule 19(a), the joinder of parties is compulsory or "necessary" if their joinder is "feasible." Rule 19 states in material part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(1)

However, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990).  In fact, in the patent ligitation arena

> [a] patent owner has separate exclusive rights as to the unauthorized manufacture, sale and use of the claimed invention.  Thus an owner may sue a manufacturer, a dealer/reseller, and a user.  This owner may also have a remedy against persons who induce of contribute to infringement by another.  Such related infringers are usually proper parties to an infringement or declaratory judgment suit.  However, because such infringers are by long tradition severally as well as jointly liable, they may be sued separately (that is, they are not necessary parties).

Chisum on Patents, § 21.03[3][e] at 21-299-300.

Here, Defendant allegedly distributes the infringing product. (Complaint, ¶ 1).  Non-party LumenRadio allegedly manufactures said product. (Complaint, ¶¶ 9, 14, & 15). In patent litigation, manufacturers of products are necessary parties for purposes of Rule 19 because, as noted above, patent owners have separate exclusive rights as to the unauthorized manufacture, sale and use of the

2

claimed invention.  See e.g., Ruddies v. Auburn Spark Plug Co., 261 F.Supp. 648, 658-59 (S.D.N.Y.1966) (in patent case, manufacturer was not a necessary party to a suit against sales representative for sale of the infringing product).  Accordingly, this Court finds that as the facts are alleged in this case LumenRadio, as a manufacturer, is not a necessary party to this instant action against the distributor under Rules 12(b)(7) and 19.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion is DENIED. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge